CASE 13—INDICTMENT—JUNE 15.

# Curry vs. Commonwealth.

APPEAL FROM HARRISON CIRCUIT COURT.

It satisfactorily appearing in the evidence that the defendant was drunk at the time he killed his father, the court ought to have so instructed the jury, on the motion of defendant's attorney, *that, in determining the question of malice and mitigation, the jury should consider the defendant's condition at the time of the homicide.* The case of *Smith vs. Commonwealth* (1 *Duvall,* 224) reaffirmed.

BOYD & WARD,                                     For Appellant.

JOHN M. HARLAN, Attorney General,          For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, a free man of color, who killed his father, Nicholas Broadwell, also a colored free man, was sentenced to be hung on a verdict of guilty returned on an indictment for murder. And this appeal from that judgment presents for revision the single question whether the criminal court erred in giving or refusing instructions as to the legal effect to which drunkenness might be entitled on the grade of the homicide.

The testimony on the trial conduced to prove the following facts: 1st. That the appellant and his deceased father lived together in the same house. 2d. That on the day of the homicide both of them were excited by intoxicating drink. 3d. That, casually meeting some distance from their house, the father charged the son with offensive conduct towards an older colored free-

man, and cursed him and threatened to have him arrested and imprisoned. 4th. That afterwards, meeting at their house, the father came in with a ·hammer in his hand, and again cursing the son, who in like manner retorted, he, holding the hammer in one hand, "thrust" his other hand under the son's vest, apparently for the purpose of taking his pistol, and the son instantly drew a pistol from his pocket and shot the father in the head. 5th. That, immediately before the shooting, the accused "staggered," and "was very drunk." And there is no evidence tending to prove express malice, or even hostile or unfilial feelings.

In deciding how far these facts repelled the imputation of implied malice, it was the duty of the presiding judge to instruct the jury as to the legal effect of the appellant's inebriety on the question of malice. To discharge that duty, the judge, recognizing the principle defined and established in the case of *Smith vs. The Commonwealth* (1*st Duvall*, 227), gave an instruction which, as he probably understood it and intended it to be understood by the jury, conformed to the doctrine of that case. But a miscollocation and a slight vagueness subjected it to danger of misinterpretation as to how, or whether at all, drunkenness should operate on *the question of implied malice;* and it might therefore have been misleading.

Thereupon the appellant's counsel offered the following instruction, which the judge refused to give: "*If the jury believe from the evidence that the defendant was, at the time of the killing charged in the indictment, in a state of intoxication brought on by drinking for the purpose of gratifying a sensual appetite or indulging his feelings of social hilarity, without any premeditated crime, such condition should be considered in mitigation of the offense and in the reduction of its grade.*"

As a portion of this instruction is in the language of the opinion on the same question in *Duvall*, to which we still adhere, the only allowable objection to giving it would be the words " *should* be considered in mitigation." If these words were intended to mean, or should be construed as meaning, that, whatever the jury might think of the degree or actual influence of the intoxication, it should mitigate the offense, it would certainly be wrong. But we do not so interpret those words in connection with the context, but understand them as importing only that the jury, in determining the question of malice and mitigation, *should* consider the appellant's condition, as certainly they ought to do.

We are, therefore, of the opinion that the court erred in refusing to give this instruction; and especially as we must presume, on all the facts, that the conviction for murder, clearly unauthorized, unless malice should be implied, notwithstanding the intoxication, which would be rather unreasonable, resulted from the misleading instruction, which was the only one before them on that subject.

Wherefore, the judgment of conviction is reversed, and the cause remanded for a new trial.